In the Matter of the Petition of THE SEASIDE AND BROOKLYN BRIDGE ELEVATED RAILROAD COMPANY, Respondent, Relative to Acquiring Title to Certain Real Property of THE SOUTH REFORMED DUTCH CHURCH of the City of Brooklyn, Appellant.

*Awards of commissioners — review of questions of damage — condemnation proceedings to acquire title to certain easements in a city street — the element of noise does not enter into the award — measure of the right of a property owner to compensation — limitation of the liability for damages for trespass resulting from the noise — easements of abutting property owners in streets.*

Appellate courts are reluctant to interfere with the awards of commissioners in condemnation proceedings upon mere questions of damage.

Noise is incidental to all public streets and is not a diversion of them from the purposes for which they are opened, and although the noise and confusion produced by the passing of trains on an elevated railroad interferes seriously with religious services in a church abutting upon the street on which the elevated railroad is operated and maintained, such inconvenience cannot be taken into account in fixing the amount of the award to be made to the church in condemnation proceedings instituted by such railroad to acquire title to the easements in the street taken by it.

A property owner is entitled to be paid for what is taken from him by the operation of an elevated railroad on the street upon which his property abuts, and to remuneration for incidental damages. The measure of such right is compensation for the property actually taken, and for the reduction in value of the residue by reason of the appropriation; the depreciation of the property by the construction of the road is to be included, but not the disturbance from noise.

The rule that elevated railroad companies are liable for the noise of their trains in actions for the recovery of damages only, upon the ground that they are trespassers and responsible for all the injuries resulting from their wrongful act, has no application in condemnation proceedings where no wrong is involved, and the sole inquiry is as to the compensation to be awarded to an owner whose property is to be lawfully appropriated under the right of eminent domain.

An owner of premises abutting on a street has easements of light, air and access therein, but he has no easements of privacy or quiet, or other easements for which compensation can be claimed. In ascertaining the past damages caused by the construction and operation of an elevated railroad, the question of noise may enter as an element into the award, but not in ascertaining the compensation to be paid for the future appropriation of the street for railroad uses.

The owner of a lot, abutting on a street, by reason of the location of his lot, has an easement for the purposes of air, light and access from such street, and such rights are property rights within the meaning of the Constitution; they are independent of any ownership in the street, and they exist to the same extent whether the title of the owner extends to the center or the side of the street. The abutting owner whose title terminates at the side of a street has a right to

the use and enjoyment of all the light and air supplied by the street, and the owner whose title extends to the center thereof has no greater rights. Both owners are entitled to all the air and light which comes to their premises over the street, and there is no difference between the two kinds of owners in respect to their rights of access.

APPEAL by the defendant, The South Reformed Dutch Church of the City of Brooklyn, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 24th day of April, 1894, confirming the award and report of commissioners of appraisal.

*John D. Pray,* for the appellant.

*Geo. W. Wingate,* for the respondent.

DYKMAN, J. :

This is an appeal from an order confirming an award of commissioners to appraise the compensation to be paid to the South Reformed Dutch Church for the property and easements taken from it.

The commissioners awarded the sum of $1,500 as the compensation which ought justly to be made to the church for the privileges, easements and property in Third avenue, in front of and adjacent to the property of the church, or which are appurtenant thereto, which will be taken and affected by the construction and operation of the elevated railroad in Third avenue.

In making such award the commissioners recognized the right of the church in Third avenue to the center thereof, but made no allowance on account of the noise produced by the operation of the elevated railroad.

The church raises serious objections to the award on account of its size, but it is by no means so palpably insufficient as to justify our interference upon that ground.

The reluctance of appellate courts to interfere with the awards of commissioners upon mere questions of damage has been so often stated, and the reasons for such hesitation have been so fully explained that a repetition of them has ceased to be profitable or necessary. Our views are expressed in *The Matter of the Staten Island R. T. Co.* (47 Hun, 396).

The commissioners have violated no legal principle in making

their award, unless their failure to make an allowance for the noise was erroneous, and we must, therefore, proceed to the examination of that question.

It is unquestionably true that the noise and confusion produced by the passing trains on the elevated railroad interferes seriously with the preaching and other religious services in the church, but the difficulty seems to be radical and without remedy.   Noise is incident to all public streets and is not a diversion of them from the purposes for which they are opened.

This church had an easement in Third avenue of light, air and access, but had no easement for quietude.   Such an easement would be inconsistent with the rights of the public in the street.   The constitutional right to compensation extends only to property or proprietary rights taken for public use, and does not include compensation for disturbance by noise or annoyance of any kind which is incidental to the construction and operation of the railroad.   A property owner is entitled to compensation for what is taken from him, and to remuneration for incidental damages.   (*Matter of N. Y. Elevated R. R. Co.*, 36 Hun, 434, and cases there cited.)

The measure of the right is this : Compensation for the property actually taken and for the reduction in value of the residue by reason of such appropriation.   (*Henderson v. N. Y. C. R. R. Co.*, 78 N. Y. 423.)

Depreciation of the property by the construction of the road is to be included of course, but not the disturbance from noise.   (*Briesen v. L. I. R. R. Co.*, 31 Hun, 112 ; *Albany & S. R. R. Co. v. Dayton*, 10 Abb. Pr. [N. S.] 183 ; *Matter of N. Y. El. R. R. Co., supra.*)

The case of *Matter of Utica R. R. Co.* (56 Barb. 456), which laid down a rule somewhat different from the current authorities, is now disapproved.   (*Matter of N. Y. El. R. R. Co., supra.*)

This view of the rule of damages gives cogency to the conclusion we reached in the examination of the question upon principle.

It has been said that the elevated railroad companies are liable for the noise of their trains in actions for the recovery of damages only, upon the ground that they are trespassers and responsible for all the injuries resulting from their wrongful act.

That rule, however, has no application in condemnation proceedings where no wrong is involved and the sole inquiry has respect to

the compensation to be awarded to an owner whose property is to be rightfully appropriated under the right of eminent domain. (*Bischoff* v. *N. Y. El. R. R. Co.*, 138 N. Y. 262; *Am. Bank Note Co.* v. *N. Y. Elevated R. R. Co.*, 129 id. 258.)

The rule is well stated by Judge ANDREWS in the opinion in *Bischoff*'s case as follows: " The principles governing the award of damages in cases like this have come to be quite well understood. The property rights of an abutting owner consist of easements of light, air and access. There are no easements of privacy or quiet, or other easements than those mentioned, for which compensation can be claimed. In ascertaining past damages the question of noise may enter as an element into the award, but not in ascertaining the compensation to be paid for the future appropriation of the street for railroad uses."

It is contended by the appellant that this case is beyond the control of these authorities, because the title of the church extends to the center of the avenue, but we have found no authority for any such distinction.

It has been steadily held, since the decision of the *Story* case, that an abutting owner, by reason of his location, has an easement for the purposes of air, light and access from such street, and that such rights are property within the meaning of the Constitution. Such rights are independent of any ownership in the street, and they exist to the same extent whether the title of the owner extends to the center or the side of the street.

The abutting owner whose title terminates at the side of a street has a right to the use and enjoyment of all the light and air supplied by the street; and the owner whose title extends to the center can have no more, because there is no more to be had. Both sorts of owners are entitled to all the air and light which comes to their premises over the street, and neither can receive any more from that quarter.

Neither is there any difference between the two kinds of owners in respect to their rights of access. The abutting owner is entitled to the use of the street where his title extends only to the side of the street in as full and ample a manner as he would be if he owned to the middle.

The right of access and the right to light and air from public

streets and thoroughfares are rights which pertain to real property, and they can be neither enlarged nor diminished by any legal rights in the soil of the streets, or by the want of such rights.

Light and air come from the heavens above, and they are both free. There can be no property rights in either except in connection with real property, and such rights are independent of any rights in the land over which they are received.

Riparian proprietors on the banks of navigable waters have a right of access to the water, and yet they have no ownership in the land under water.

In our view the order should be affirmed, with ten dollars costs and disbursements.

BROWN, P. J., and CULLEN, J., concurred.

Final order affirmed, with ten dollars costs and disbursements.